UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Maurice Neal El,                                          Case No. 3:23-cv-037

        Plaintiff

v.                                                                      MEMORANDUM OPINION
                                                                     AND ORDER
Beth A. Tischler,

        Defendant

## BACKGROUND AND HISTORY

*Pro se* Plaintiff Maurice Neal El filed this action against Beth A. Tischler, the Prosecutor in a criminal case pending against him in the Sandusky County Court of Common Pleas. In the Complaint, Plaintiff alleges that because he waived his right to a preliminary hearing, Tischler was required to obtain an indictment against him by June 10, 2022 or dismiss the case against him. He claims she did not meet the time limitation but did not dismiss the criminal case against him. He does not assert a legal cause of action but seeks monetary damages in the amount of 250 trillion dollars and removal of his name from all sex offender registration lists.

Plaintiff was convicted in Michigan of criminal sexual conduct and classified as a Tier 3 sexual offender. He is required for the remainder of his life to register as a sex offender in any county in the United States in which he resides or is temporarily domiciled for more than three days. Plaintiff moved to Fremont, Ohio, but failed to register as a sex offender with the Sandusky County

Sheriff. A felony charge of failure to register was filed against him in the Fremont Municipal Court on May 26, 2022. A preliminary hearing was scheduled by the Court for June 2, 2022.

Plaintiff appeared in court on June 2, 2022, and on the advice of counsel waived his right to a preliminary hearing. He indicates that his attorney told him that the prosecutor only had a limited amount of time to obtain an indictment, or the charges would have to be dropped. He further states that his attorney told him the grand jury only meets on Fridays and because it was already Thursday, the state would have only the following day, June 3, 2022, and the next Friday, June 10, 2022, to obtain an indictment. He states his attorney advised that if an indictment could not be obtained on June 10, 2022, the case would have to be dismissed. Plaintiff alleges that the Grand Jury returned an indictment on June 17, 2022, but prosecutor Beth Tischler did not dismiss the case. To the contrary, she is continuing to pursue it against him. The case is set for trial on April 18, 2023.

Plaintiff does not cite to a particular federal cause of action. Instead, he claims Tischler "violated her legal obligation of a contract of employment" and "neglected to honor the rule of the court." He asks this Court to award him monetary damages and order that he be permanently removed from the sex offender registry.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to

state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## **ANALYSIS**

Because the criminal charges against the Plaintiff are still pending, I must abstain from hearing claims such as those in this Complaint that would intrude upon the state court proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could be or could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988).

If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings

3

implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The state criminal case is still pending, and state criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of Younger is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14.

When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. To the contrary, Plaintiff can challenge the timeliness of his indictment in the course of the state criminal proceedings. The requirements of *Younger* are satisfied and this Court must abstain from interfering in the pending state court criminal action against the Plaintiff.

Furthermore, even if I was not required to abstain from entertaining Plaintiff's challenge to his current indictment, he cannot pursue a suit for damages against the prosecutor for actions she took in the course of representing the State of Ohio in his criminal case. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993).

**CONCLUSION**

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude they fail to state a claim upon which relief may be granted. Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e). I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. This case is closed.

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge